NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW KWASI DONKOR, | No. 16-55829 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-09229-GW-DTB |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, in their official capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 14, 2017**

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Andrew Kwasi Donkor appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations in

connection with the alleged seizure of his automobile and other personal property.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Donkor's action against defendant Manhattan Beach Tow because Donkor failed to allege facts in his second amended complaint sufficient to show that Manhattan Beach Tow's actions constituted state action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "[a] pleading that offers labels and conclusions" or "naked assertions devoid of further factual enhancement" fails to satisfy federal pleading standards (citations, internal quotation marks, and alteration omitted)); *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("[B]are allegation[s]" of "joint action will not overcome a motion to dismiss; the plaintiff must allege facts tending to show that [defendants] acted under color of state law or authority." (citation and internal quotation marks omitted)).

The district court properly dismissed Donkor's action against the remaining defendants because Donkor failed to allege facts in his second amended complaint sufficient to show that Donkor's constitutional rights were violated pursuant to a policy, practice, or custom of a governmental defendant. *See Monell v. Dep't of*

2                                                                          16-55829

*Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (setting forth requirements for municipal liability); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc) (municipal liability requires "direct causal link between a municipal policy or custom and the alleged constitutional deprivation" (citation and internal quotation marks omitted)).

**AFFIRMED.**

16-55829